UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM MICHAEL KIRCHEN, #596365,

        Petitioner,

v.

        CASE NO. 2:19-CV-10552
        HON. ARTHUR J. TARNOW

THOMAS O. WINN,

        Respondent.
_____/

## ORDER APPOINTING COUNSEL AND SETTING CONFERENCE CALL

**I.   Introduction**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Adam Michael Kirchen ("Petitioner") was convicted of two counts of larceny of a building pursuant to a plea in the Eaton County Circuit Court in 2015. He was sentenced, as a fourth habitual offender, to 3 years 10 months to 15 years imprisonment on those convictions, to be served consecutively to a 5 to 20-year sentence for an unarmed robbery conviction in another county for which he was determined to be on bond at the time of the larcenies. In his pleadings, Petitioner

challenges the validity of his consecutive sentencing. For the reasons set forth, the Court shall appoint counsel and set a conference call.

## II.     Facts and Procedural History

Petitioner's convictions arise from his theft of German military artifacts from a museum in Charlotte, Michigan in 2015. On October 16, 2015, Petitioner pleaded guilty to two counts of larceny in a building. At that hearing, the prosecutor read the information, which charged Petitioner with committing two counts of larceny of a building by stealing German military artifacts from a museum "on or about May 1, 2015 through June 9, 2015," as well as charging him with being a fourth habitual offender. The court asked Petitioner if he understood the charges, and he replied in the affirmative. The court also asked Petitioner how he wished to plead to the charges and he replied, "guilty." *See* 10/16/15 Plea Hrg., pp. 6-7, ECF No. 8-2, PageID.76-77. The court then asked Petitioner why he believed he was guilty and what happened between the dates of May 1 and June 9, 2015. Petitioner replied: "During the middle of May I went into the museum and took artifacts ... for my collection." *Id*. at p. 7, PageID.77. He further explained that he took a rudder control for an airplane, a wing piece, a helmet, and a bayonet. *Id.* at p. 8, Page.ID.78. The parties did not discuss consecutive sentencing.

On December 3, 2015, the trial court sentenced Petitioner, as a fourth habitual offender, to 3 years 10 months to 15 years imprisonment on his larceny convictions to be served consecutively to his 5 to 20-year sentence for unarmed robbery in another county for which he was on bond at the time of the larcenies. At that hearing, the parties discussed whether Petitioner was subject to consecutive sentencing. The trial court determined that Petitioner was placed on bond in his other case on May 29, 2015 and that he pleaded guilty to crimes occurring from May 1, 2015 through June 9, 2015, and thereby concluded that Petitioner was on bond at the time of the larcenies such that consecutive sentencing could be imposed. *See* 12/3/15 Sent. Hrg., pp. 11-12, ECF No. 8-3, PageID.94-95. During the sentencing hearing, a museum representative stated that the museum was left unlocked on June 7, 2015, that the theft was discovered on June 9, 2015, and that Petitioner began bragging online about purchasing the stolen artifacts in mid-June, 2015. *Id*. at pp. 13-14, PageID.96-97.

Following his convictions and sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising the same sentencing claim presented on habeas review, as well as a restitution claim. The Michigan Court of Appeals denied leave to appeal. *People v. Kirchen*, No. 332150 (Mich.

Ct. App. May 5, 2016) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court. In lieu of granting leave to appeal, the court remanded the case to the Michigan Court of Appeals for consideration as on leave granted. *People v. Kirchen*, 500 Mich. 879, 886 N.W.2d 627 (2016). On remand, the Michigan Court of Appeals denied Petitioner relief on his consecutive sentencing claim and affirmed his sentences, but remanded the case to the trial court for correction of the restitution order. *People v. Kirchen*, No. 332150, 2017 WL 2607924 (Mich. Ct. App. June 15, 2017) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Kirchen*, 501 Mich. 952, 904 N.W.2d 848 (2018).

      Petitioner thereafter filed his federal habeas petition raising the following claim:

> The trial court erred in imposing a consecutive sentence in this case in violation of his Sixth Amendment rights. A consecutive sentence was improper because he was not on bond at the time of the offenses and a jury did not find, nor did he admit, that he was on bond.

Respondent filed an answer to the petition contending that it should be denied. Petitioner filed a reply to that answer.

**III.     Discussion**

Petitioner asserts that he is entitled to habeas relief because the state trial court erred in finding that he was on bond for another charged offense when he committed the larcenies as issue in this case such that his consecutive sentences are improper and violate his due process and Sixth Amendment rights. Respondent contends that this claim is not cognizable and that it lacks merit.

The Court, however, is concerned about the knowing and voluntary nature of Petitioner's plea and the effectiveness of trial counsel in advising Petitioner about the consequences of his plea. It is well-settled that a guilty or nolo contendere plea must be made knowingly, intelligently, and voluntarily in order to be constitutionally sound. *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing when there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, the defendant is aware of the nature of the charges, and the defendant is advised by competent counsel. *Brady*, 397 U.S. at 756. A plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Id.* at 755. The

voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.

In keeping with such standards, under Michigan law, a court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is "understanding, voluntary, and accurate." Michigan Court Rule 6.302(A). "[T]his requires a defendant to be informed of the consequences of his or her plea and, necessarily, the resultant sentence." *People v. Brown*, 492 Mich. 684, 693, 822 N.W.2d 208 (2012) (quotation marks and citation omitted). The Michigan Court Rules specifically require a court to advise a defendant of "the maximum possible prison sentence for the offense and any mandatory minimum sentence...." Mich. Ct. R. 6.302(B)(2). In *People v. Warren*, the Michigan Supreme Court held that Michigan Court Rule 6.302(B)(2) "requires the trial court, in cases in which such advice is relevant, to advise a defendant of its discretionary consecutive-sentencing authority and the possible consequences of that authority for the defendant's sentence. This is, because such authority clearly affects the defendant's 'maximum possible prison sentence for the offense.'" *People v. Warren*, 505 Mich. 196, _, 949 N.W.2d 125, 137 (2020).

The record before the Court seems to indicate that the trial court did not inform Petitioner of the possibility of consecutive sentencing at the time of his plea – and the record is unclear as to whether counsel advised Petitioner about the possibility of consecutive sentencing before he entered his plea. (The issue was discussed at length at the sentencing hearing.)

The Court is aware that the United States Court of Appeals for the Sixth Circuit has ruled that "whether a federal sentence runs consecutive to or concurrent with a state sentence is not considered a direct consequence of the plea" and rejected a habeas petitioner's claim that his plea was involuntary where the state court did not inform him that it had discretion to make his state sentence consecutive to his federal sentences. *See Hall v. Bradshaw*, 466 F. App'x 472, 474 (6th Cir. 2012); *see also Wilson v. McGinnis*, 413 F.3d 196, 200 (2d Cir. 2005) (ruling that habeas relief was not warranted based on state court's failure to inform a defendant that he could receive consecutive state sentences) (cited in *Hall*). The United States Supreme Court, however, has not ruled on this issue.

In light of the foregoing, the Court finds that appointment of counsel for Petitioner would be beneficial for the proper resolution of this case. A habeas petitioner may obtain representation at any stage of the case "[w]henever the

United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  Such is the case here.  Accordingly, the Court **APPOINTS** the Federal Community Defender, 613 Abbott Street, Detroit, Michigan, 48226, telephone number (313) 967-5555, to represent Petitioner in this case.  Such representation shall continue unless terminated by (1) order of the court; (2) appointment of substitute counsel; or (3) appearance of retained counsel.  Once appointed counsel files an appearance in this case, the Court shall contact counsel for both parties to schedule a conference call within 30 days.

    **IT IS SO ORDERED**.

                                                 _s/Arthur J. Tarnow_____
                                                ARTHUR J. TARNOW
                                                UNITED STATES DISTRICT JUDGE

Dated:  December 16, 2020