UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM MICHAEL KIRCHEN, #596365,

        Petitioner,

v.
        CASE NO. 2:19-CV-10552
        HON. ARTHUR J. TARNOW

THOMAS O. WINN,

        Respondent.
_____/

**OPINION AND ORDER HOLDING THE HABEAS
PETITION IN ABEYANCE, STAYING THE PROCEEDINGS,
AND ADMINISTRATIVELY CLOSING THE CASE**

**I.   Introduction**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Adam Michael Kirchen ("Petitioner") was convicted of two counts of larceny of a building pursuant to a plea in the Eaton County Circuit Court in 2015.  He was sentenced, as a fourth habitual offender, to 3 years 10 months to 15 years imprisonment on those convictions, to be served consecutively to a 5 to 20-year sentence for an unarmed robbery conviction in another county for which he was determined to be on bond at the time of the larcenies.  In his pleadings, Petitioner challenges the validity of his consecutive sentencing.

## II. Facts and Procedural History

Petitioner's convictions arise from his theft of German miliary artifacts from a museum in Charlotte, Michigan in 2015. On October 16, 2015, Petitioner pleaded guilty to two counts of larceny in a building. At that hearing, the prosecutor read the information, which charged Petitioner with committing two counts of larceny of a building by stealing German military artifacts from a museum "on or about May 1, 2015 through June 9, 2015," as well as charging him with being a fourth habitual offender. The court asked Petitioner if he understood the charges, and he replied in the affirmative. The court also asked Petitioner how he wished to plead to the charges and he replied, "guilty." *See* 10/16/15 Plea Hrg., pp. 6-7, ECF No. 8-2, PageID.76-77. The court then asked Petitioner why he believed he was guilty and what happened between the dates of May 1 and June 9, 2015. Petitioner replied: "During the middle of May I went into the museum and took artifacts ... for my collection." *Id*. at p. 7, PageID.77. He further explained that he took a rudder control for an airplane, a wing piece, a helmet, and a bayonet. *Id.* at p. 8, Page.ID.78. The parties did not discuss consecutive sentencing.

On December 3, 2015, the trial court sentenced Petitioner, as a fourth habitual

offender, to 3 years 10 months to 15 years imprisonment on his larceny convictions to be served consecutively to his 5 to 20-year sentence for unarmed robbery in another county for which he was on bond at the time of the larcenies. At that hearing, the parties discussed whether Petitioner was subject to consecutive sentencing. The trial court determined that Petitioner was placed on bond in his other case on May 29, 2015 and that he pleaded guilty to crimes occurring from May 1, 2015 through June 9, 2015, and thereby concluded that Petitioner was on bond at the time of the larcenies such that consecutive sentencing could be imposed. *See* 12/3/15 Sent. Hrg., pp. 11-12, ECF No. 8-3, PageID.94-95. During the sentencing hearing, a museum representative stated that the museum was left unlocked on June 7, 2015, that the theft was discovered on June 9, 2015, and that Petitioner began bragging online about purchasing the stolen artifacts in mid-June, 2015. *Id*. at pp. 13-14, PageID.96-97.

Following his convictions and sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising the same sentencing claim presented on habeas review, as well as a restitution claim. The Michigan Court of Appeals denied leave to appeal. *People v. Kirchen*, No. 332150 (Mich. Ct. App. May 5, 2016) (unpublished). Petitioner then filed an application for leave to appeal with

the Michigan Supreme Court. In lieu of granting leave to appeal, the court remanded the case to the Michigan Court of Appeals for consideration as on leave granted. *People v. Kirchen*, 500 Mich. 879, 886 N.W.2d 627 (2016). On remand, the Michigan Court of Appeals denied Petitioner relief on his consecutive sentencing claim and affirmed his sentences, but remanded the case to the trial court for correction of the restitution order. *People v. Kirchen*, No. 332150, 2017 WL 2607924 (Mich. Ct. App. June 15, 2017) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Kirchen*, 501 Mich. 952, 904 N.W.2d 848 (2018).

Petitioner thereafter filed his federal habeas petition raising the following claim:

The trial court erred in imposing a consecutive sentence in this case in violation of his Sixth Amendment rights. A consecutive sentence was improper because he was not on bond at the time of the offenses and a jury did not find, nor did he admit, that he was on bond.

Respondent filed an answer to the petition contending that it should be denied. Petitioner filed a reply to that answer.

The Court thereafter appointed counsel for Petitioner due to concerns about the knowing and voluntary nature of Petitioner's plea and the effectiveness of trial

counsel in advising Petitioner about the consequences of his plea. The Court explained in relevant part:

> It is well-settled that a guilty or nolo contendere plea must be made knowingly, intelligently, and voluntarily in order to be constitutionally sound. *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing when there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, the defendant is aware of the nature of the charges, and the defendant is advised by competent counsel. *Brady*, 397 U.S. at 756. A plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Id.* at 755. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.
>
> In keeping with such standards, under Michigan law, a court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is "understanding, voluntary, and accurate." Michigan Court Rule 6.302(A). "[T]his requires a defendant to be informed of the consequences of his or her plea and, necessarily, the resultant sentence." *People v. Brown*, 492 Mich. 684, 693, 822 N.W.2d 208 (2012) (quotation marks and citation omitted). The Michigan Court Rules specifically require a court to advise a defendant of "the maximum possible prison sentence for the offense and any mandatory minimum sentence...." Mich. Ct. R. 6.302(B)(2). In *People v. Warren*, the Michigan Supreme Court held that Michigan Court Rule 6.302(B)(2) "requires the trial court, in cases in which such advice is relevant, to advise a defendant of its discretionary consecutive-sentencing authority and the possible consequences of that authority for the defendant's sentence. This is because such authority clearly affects the defendant's

> 'maximum possible prison sentence for the offense.'" *People v. Warren*, 505 Mich. 196, _, 949 N.W.2d 125, 137 (2020).
>
> The record before the Court seems to indicate that the trial court did not inform Petitioner of the possibility of consecutive sentencing at the time of his plea – and the record is unclear as to whether counsel advised Petitioner about the possibility of consecutive sentencing before he entered his plea. (The issue was discussed at length at the sentencing hearing.)
>
> The Court is aware that the United States Court of Appeals for the Sixth Circuit has ruled that "whether a federal sentence runs consecutive to or concurrent with a state sentence is not considered a direct consequence of the plea" and rejected a habeas petitioner's claim that his plea was involuntary where the state court did not inform him that it had discretion to make his state sentence consecutive to his federal sentences. *See Hall v. Bradshaw*, 466 F. App'x 472, 474 (6th Cir. 2012); *see also Wilson v. McGinnis*, 413 F.3d 196, 200 (2d Cir. 2005) (ruling that habeas relief was not warranted based on state court's failure to inform a defendant that he could receive consecutive state sentences) (cited in *Hall*). The United States Supreme Court, however, has not ruled on this issue.

ECF No. 11, PageID.252-254.

On January 26, 2021, the Court conducted a brief conference call with counsel for both parties. During that call, the parties acknowledged that the knowing and voluntary nature of Petitioner's plea and the effectiveness of trial counsel presented issues of concern and agreed that Petitioner would have to exhaust those claims in the state courts before they could be considered on federal habeas review.

### III. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his or her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of the claims before a petitioner can present those claims on habeas review. Otherwise, a federal court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is met if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must assert both the factual and legal bases for the

claims in the state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The petitioner must also present the claims to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Michigan Rules of Court provide a process for Petitioner to raise his unexhausted claims. For example, he can file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq*. and then appeal the trial court's decision to the state appellate courts as necessary. The unexhausted claims should be addressed to, and considered by, the Michigan courts in the first instance.

A federal court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-

year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

In this case, a stay is warranted. Petitioner wishes to pursue new claims which he has not yet presented to the state courts for consideration. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. Additionally, Petitioner may establish good cause, the claims are not plainly meritless, and there is no evidence of intentional delay. Consequently, the Court shall hold the exhausted claims in the current habeas petition in abeyance pending Petitioner's pursuit of state court remedies as to the additional, unexhausted claims and stay these proceedings. The Court makes no determination as to the timeliness of any claims or the procedural or substantive merits of any claims.

## IV. Conclusion

Accordingly, for the reasons stated, the Court holds the habeas petition in

abeyance and stays these proceedings. The stay is conditioned on Petitioner presenting the additional, unexhausted claims to the state courts by filing a motion for relief from judgment with the trial court within 60 days of the filing date of this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his habeas petition, using the same caption and case number, within 60 days of fully exhausting state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, this case may be dismissed. Lastly, this case is closed for administrative purposes pending compliance with these conditions.

    **IT IS SO ORDERED**.

                                                               s/Arthur J. Tarnow
                                                               ARTHUR J. TARNOW
                                                               UNITED STATES DISTRICT JUDGE

Dated: January 27, 2021